IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| BRIAHEEM ROBINSON, | : | |
| | : | CIVIL ACTION |
| Plaintiff, | : | |
| | : | NO. 09-3587 |
| v. | : | |
| | : | |
| JOYCE ADAMS, et al., | : | |
| | : | |
| Defendants. | : | |

**MEMORANDUM**

Slomsky, J.                                                                                      August 3, 2010

## I.      BACKGROUND

*Pro se* Plaintiff Briaheem Robinson, an inmate at the State Correctional Institution at Greene,

Pennsylvania ("SCI-Greene"), originally filed Eighth Amendment claims against various Defendants

based on their alleged failure to protect him from other inmates and Defendants' deliberate

indifference to his serious medical needs while he was incarcerated.  (Doc. No. 3.)  Plaintiff has been

appointed counsel.  Presently before the Court is Plaintiff's Motion for Leave to File an Amended

Complaint.  (Doc. No. 27.)  In the Amended Complaint, Plaintiff seeks to add two new defendants,

Lieutenant Hopkins and Officer John Doe.  Defendants oppose the addition of Lieutenant Hopkins,

but do not oppose the addition of Officer Doe.  For the reasons that follow, the Court will grant

Plaintiff's Motion for Leave to File an Amended Complaint.

## II.     STANDARD OF REVIEW

Federal Rule of Civil Procedure 15(a)(2) provides that after a responsive pleading has been

filed, "a party may amend its pleading only with the opposing party's written consent or the court's

leave.  The court should freely give leave when justice so requires."  Amendments to a complaint

pursuant to Fed. R. Civ. P. 15 are "liberally granted" and "rest within the sound discretion of the trial court." Massarsky v. Gen. Motors Corp., 706 F.2d 111, 125 (3d Cir. 1983); see also Foman v. Davis, 371 U.S. 178, 182 (1962). A *pro se* plaintiff is liberally granted leave to amend when he does not follow "the technical rules of pleading and procedure." Tabron v. Grace, 6 F.3d 147, 153 n.2 (3d Cir. 1993); see Nelson v. ARA Food Serv., No. 94-4542, 1995 U.S. Dist. LEXIS 6673, *6 (E.D. Pa. May 18, 1995) ("Leave to amend should be liberally granted when the party seeking leave to amend appears *pro se*."); Wallace v. Marks, No. 82-0034, 1985 U.S. Dist. LEXIS 17818, *3 (E.D. Pa. July 17, 1985) (allowing plaintiff's recently appointed counsel to amend a complaint that was filed *pro se* to add new corrections officer defendants).

A motion to amend a complaint should be denied where the proposed amendment is futile. A claim is futile under Fed. R. Civ. P. 15 "where the amendment would not withstand a motion to dismiss." Massarsky, 706 F.2d at 125; see also Jablonski v. Pan Am. World Airways, Inc., 863 F.2d 289, 292 (3d Cir. 1988); Smith v. Am. Red Cross, 876 F.Supp. 64, 67 (E.D. Pa. 1994).

## III. DISCUSSION

Here, Defendants argue that Plaintiff's Amended Complaint is time barred as to Lieutenant Hopkins because the two-year statute of limitations has expired, and for this reason the Amended Complaint would not survive a motion to dismiss. (Def.'s Mem. Opp'n Pl.'s Mot. Amend Compl. 4.)

Plaintiff argues, however, that his Amended Complaint "relates back" to the date of his original Complaint under Fed. R. Civ. P. 15(c) for statute of limitations purposes. Singletary v. Pa. Dep't of Corr., 266 F.3d 186, 193 (3d Cir. 2001) ("[Rule] 15(c) can ameliorate the running of the statute of limitations on a claim by making the amended claim relate back to the original, timely filed

complaint."); <u>Garvin v. City of Phila.</u>, 354 F.3d 215, 220 (3d Cir. 2003) (Rule 15(c)(3) "aims to ameliorate the harsh result of the strict application of the statute of limitations."); <u>Urrutia v. Harrisburg Cnty. Police Dep't</u>, 91 F.3d 451, 457 (3d Cir. 1996) (describing Rule 15(c)).

Fed. R. Civ. P. 15(c) provides in relevant part:

> **(c) Relation Back of Amendments.**
> **(1) When an Amendment Relates Back.**  An amendment to a pleading relates back to the date of the original pleading when:
> . . .
> (B) the amendment asserts a claim or defense that arose out of that conduct, transaction, or occurrence set out - or attempted to be set out - in the original pleading; or
> (C) the amendment changes the party or the naming of the party against whom a claim is asserted, if Rule 15(c)(1)(B) is satisfied and if, within the period provided by Rule 4(m) for serving the summons and complaint, the party to be brought in by amendment:
>> (i) received such notice of the action that it will not be prejudiced in defending on the merits; and
>> (ii) knew or should have known that the action would have been brought against it, but for a mistake concerning the proper party's identity.

In other words, Fed. R. Civ. P. 15(c) requires that "three conditions be met in order for an amended complaint seeking to substitute newly named defendants to relate back to the original complaint for statute of limitations purposes." <u>Miller v. Hassinger</u>, 173 Fed. Appx. 948, 955 (3d Cir. 2006).  These conditions are: (1) that the claim against the newly named defendants arose out of the same conduct, transaction, or occurrence set forth in the original complaint; (2) that within the 120-day period for service of the summons and complaint (under Fed. R. Civ. P. 4(m)), the newly named party has received notice of the institution of the action such that it will not be prejudiced in maintaining a defense on the merits; and (3) that within that same period of time, the newly named party must have known, or should have known, that "but for a mistake," he or she would have been

named as a defendant in the first place. <u>Singletary</u>, 266 F.3d at 193-94; <u>Arthur v. Maersk, Inc.</u>, 434 F.3d 196, 203 (3d Cir. 2006) (discussing Rule 15(c)); <u>Stewart v. Phila. Hous. Auth.</u>, 487 F.Supp.2d 584, 588-89 (E.D. Pa. 2007) (same).

In this case, Defendants do not dispute that the first condition of the "relation back" doctrine is met. (Def.'s Mem. Opp'n Pl.'s Mot. Amend Compl. 6 n.1.) Moreover, Defendants do not offer any opposition to the application of the third condition regarding mistake. Consequently, the Court will focus on the second condition, or the "notice condition," that Plaintiff must meet in order for the "relation back" doctrine to apply.

Notice under Fed. R. Civ. P. Rule 15(c) can be actual or constructive. "[N]otice may be deemed to have occurred when a party who has some reason to expect his potential involvement as a defendant hears of the commencement of litigation through some informal means. . . At the same time, the notice received must be more than notice of the event that gave rise to the cause of action; it must be notice that the plaintiff has instituted the action." <u>Singletary</u>, 266 F.3d at 195 (citing <u>Bechtel v. Robinson</u>, 886 F.2d 644, 652 n.12 (3d Cir. 1989)).

In this case, Plaintiff argues that constructive notice to Lieutenant Hopkins may be imputed through the "identity of interest" method. (Pl.'s Mot. 8.) Under this method, notice arises when the parties are "so closely related in their business operations or other activities that the institution of an action against one serves to provide notice of the litigation to the other." <u>Singletary</u>, 266 F.3d at 197 (quoting 6A Charles A. Wright, et al., <u>Federal Practice & Procedure</u> § 1499, at 146 (2d ed. 1990)). In other words, constructive notice under the "identity of interest" factor hinges on whether the working relationship between the new defendant and the ones previously named is close enough that notice may reasonably be implied. <u>See Singletary</u>, 266 F.3d at 198.

For the purposes of this Motion and at this stage in the proceedings, the Court is persuaded that Lieutenant Hopkins had constructive notice of Plaintiff's suit, and that he will not be prejudiced by the proposed amendment to the Complaint. The relationship between the defendants originally named - Defendants Corrections Officer Shabazz, Corrections Officer Gray, and Psychologist Meadows - and Lieutenant Hopkins is sufficiently close to satisfy the "identity of interest" method. According to Plaintiff's Amended Complaint, all of these individuals worked on Block "J" at the Philadelphia Industrial Correctional Center ("PICC"). (Am. Compl. ¶¶ 7-11). Lieutenant Hopkins was in charge of corrections officers assigned to that Block. (Id. at ¶ 15). Plaintiff met with Lieutenant Hopkins and Defendant Meadows to discuss threats made against him and to express concern about his safety. (Id. at ¶¶ 21-23). In sum, Plaintiff has alleged that Lieutenant Hopkins closely worked on a regular basis with Defendants Gray, Shabazz, and Meadows, and that he was integrally involved with the originally named Defendants in the events that led to Plaintiff's stabbing and resulting litigation. Consequently, constructive notice of Plaintiff's suit may be imputed to Lieutenant Hopkins under the "identity of interest" method.

Furthermore, for several reasons, Lieutenant Hopkins will not suffer prejudice as a result of his addition to this case. First, little discovery has taken place at this stage of the litigation, and Lieutenant Hopkins will have ample time to prepare his defense. Second, Plaintiff's claims in the Amended Complaint are essentially unchanged from the claims in the original Complaint. Third, as a fellow PICC employee, it is likely that Lieutenant Hopkins will be represented by the same counsel as Corrections Officers Shabazz and Gray. Moreover, the evidence relevant to a defense against these claims will overlap for both Lieutenant Hopkins and the original Defendants, and Lieutenant Hopkins' likely counsel to date has had access to evidence regarding the allegations in

the Amended Complaint.  See <u>Smith v. City of Philadelphia</u>, 363 F.Supp.2d 795, 802 (E.D. Pa. 2005) (finding that individual officers were not prejudiced when claims asserted against them were nearly identical to those asserted against original defendants and the evidence required was similar).

**IV.    CONCLUSION**

For the foregoing reasons, the Court will apply the "relation back" doctrine under Fed. R. Civ. P. Rule 15(c) and grant Plaintiff's Motion for Leave to File an Amended Complaint (Doc. No. 27).  An appropriate Order follows.